set of three thumbscrews for holding a small Christmas tree; *J. E. Bernard & Company, Inc.* v. *United States*, 40 Cust. Ct. 563, Abstract 61971, in which the merchandise consisted of the bottom part of a cigarette lighter with a music-box mechanism enclosed therein; and *Premier Decorations, Inc.* v. *United States*, 24 Cust. Ct. 478, Abstract 54361, that involved a musical ceramic powder jar. None of those cases involved an issue comparable to the question now before us. In this case, the musical movements in question are alleged to be dutiable as machines. Such a claim was not presented in any of the cited cases.

Plaintiff also cites the cases of *National Carloading Corp.* v. *United States*, 44 C.C.P.A. (Customs) 77, C.A.D. 640; *The American Import Co.* v. *United States*, 39 Cust. Ct. 9, C.D. 1894. Both cases involved the principle of dedication to use, which has no application herein. They have no bearing on the disposition of the present issue.

It is a well-settled principle of customs law that the plaintiff in a classification case has the twofold burden of proving the correctness of the alleged claim, as well as showing that the collector's classification is wrong. *Joseph E. Seagram & Sons, Inc.* v. *United States*, 30 C.C.P.A. (Customs) 150, C.A.D. 227; *United States* v. *Enrique C. Lineiro*, 37 C.C.P.A. (Customs) 5, C.A.D. 410. On the basis of the present record, plaintiff herein has not sustained its burden.

For all of the reasons hereinabove set forth, we hold that the musical movements covered by the invoices with entries 906207 and 803146 are properly classifiable as parts of music boxes under paragraph 1541 of the Tariff Act of 1930, as modified, and dutiable thereunder at the rate of 20 per centum ad valorem, as assessed by the collector. The protest is overruled so far as it relates to the two said entries.

The protest, having been abandoned as to entry 903588, is dismissed so far as it relates to the merchandise covered by that entry.

Judgment will be rendered accordingly.

BEFORE THE SECOND DIVISION, DECEMBER 15, 1959

**No. 63603.**—Herman H. Sticht Co., Inc., and Intra-Mar Transport Corp., et al. *v.* United States, protests 239040–K, etc. (New York).

Opinion by LAWRENCE, J. In accordance with stipulation of counsel that the merchandise consists of statiguns and parts thereof the same in all material respects as those the subject of *Herman H. Sticht Co., Inc.* v. *United States* (40 Cust. Ct. 173, C.D. 1979), the claim of the plaintiffs was sustained.

**No. 63604.**—Herman H. Sticht Co., Inc. *v.* United States, protest 58/14329 (New York).

433

Opinion by LAWRENCE, J.   In accordance with stipulation of counsel that the merchandise consists of statiguns and parts thereof the same in all material respects as those the subject of *Herman H. Sticht Co., Inc.* v. *United States* (40 Cust. Ct. 173, C.D. 1979), the claim of the plaintiff was sustained.

No. 63605.—Herman H. Sticht Co., Inc. v. United States, protest 59/16622 (New York).

Opinion by LAWRENCE, J.   In accordance with stipulation of counsel that the merchandise consists of statiguns and parts thereof the same in all material respects as those the subject of *Herman H. Sticht Co., Inc.* v. *United States* (40 Cust. Ct. 173, C.D. 1979), the claim of the plaintiff was sustained.

No. 63606.—United Merchandising Corp., and Frank P. Dow Co., Inc., of L.A. v. United States, protests 58/23323 and 59/3085 (Los Angeles).

Opinion by LAWRENCE, J.   The protests were dismissed.

No. 63607.—National Merchandising Corp. v. United States, protest 59/5748 (Los Angeles).

Opinion by LAWRENCE, J.   The protest was dismissed.

No. 63608.—Frank P. Dow Co., Inc., of L.A. v. United States, protest 59/7669 (Los Angeles).

Opinion by LAWRENCE, J.   The protest was dismissed.

No. 63609.—American Leather Specialties Corp. v. United States, protest 59/10669 (New York).

Opinion by FORD, J.   In accordance with stipulation of counsel that the merchandise consists of harness hardware for use with harness for dogs the same in all material respects as that involved in *International Expediters, Inc., et al.* v. *United States* (38 Cust. Ct. 230, C.D. 1868), the claim of plaintiff was sustained.